Benjamin Brenner, J.
This is a motion to assess damages resulting from the issuance of a restraining order.
Plaintiff commenced an action to restrain defendants from picketing the former’s place of business and a temporary *39 restraining order issued. Defendants moved to vacate the order and to dismiss the complaint under rule 106 of the Rules of Civil Practice. The restraining order was vacated, but before final disposition of the motion plaintiff discontinued the action without defendant’s consent by filing notice thereof as provided in rule 301 (subd. 1, par. [a]) of the Rules of Civil Practice. The application to assess damages is opposed by plaintiff on the ground that no further proceedings may be had in the action already terminated and that defendants are relegated to a plenary suit on the bond.
Plaintiff’s discontinuance of the action without the consent of the defendants is deemed an adjudication that plaintiff was not entitled to the restraining order. No authority has been called to my attention that defendants’ remedy is restricted to a plenary suit. They are plainly entitled to damages under section 894 of the Civil Practice Act, following termination of suit. (See Wise Shoe Co. v. Fischer, 158 Misc. 514, and cases cited.) Plaintiff contends that the bond having been fixed at only $250 instead of $1,000 as required under section 876-a of the Civil Practice Act for the issuance of a temporary restraining order in labor disputes, is determinative of the nature of the action and conclusively establishes that no labor dispute under that section is here involved. I do not agree. In signing an order to show cause, containing a temporary stay, the court cannot be expected, nor should it be required, to make a summary and conclusive determination of what frequently resolves itself into a sharp question of fact as to whether or not the action involves a labor dispute. In fixing the amount of a bond the court is required to rely upon the moving papers, knowing that the party restrained has the right to move to vacate the order or to increase the amount of the bond.
However this may be, it is wholly immaterial whether or not the action involved a labor dispute because the general provisions as to undertakings for the ascertainment of damages also apply to “ labor dispute ” injunctions issued under section 876-a of the Civil Practice Act (10 Carmody-Wait on New York Practice, p. 783); nor is it presently necessary, having resolved the principle at issue, to determine whether the amount of damages allowed to defendants is limited by the amount of the bond.
The motion is granted and the matter referred to an official referee to assess defendants’ damages.
Settle order on notice.