Matthew J. Jasen, J.
This is a motion brought by the defendants to show cause why damages, losses and expenses *1031 sustained by reason of a temporary injunction granted against them should not be ascertained and determined by this court pursuant to section 894 of the Civil Practice Act.
On May 29, 1958, plaintiff commenced an action for a permanent injunction enjoining the defendants from picketing at the plaintiff’s place of business. On August 1, 1958, this court granted a temporary injunction enjoining the defendants from picketing and from doing various other activities pending the trial of the action, and a bond in the sum of $6,000 was filed by the plaintiff. This injunction was not granted under section 876-a of the Civil Practice Act nor is it now claimed by the defendants that it was a temporary injunction involving a labor dispute within the meaning of section 876-a.
On November 3, 1958, the action for a permanent injunction was heard before the Honorable Regis O’Brien and on November 7 Justice O’Brien granted the permanent injunction. The defendants appealed from both orders granting the temporary and permanent injunctions.
On January 7, 1959, the Appellate Division, Fourth Department, in two separate memoranda decisions unanimously affirmed both the temporary injunction and the permanent injunction (7 AD 2d 880).
On May 14,1959, the Court of Appeals (6 N Y 2d 706) granted defendants’ motion for leave to appeal from said judgments. The defendants maintained before the Appellate Division and the Court of Appeals that the State court had no jurisdiction in this matter since it had been pre-empted under the TaftHartley Act and National Labor Relations Act.
On November 13, 1959, while the appeal was pending in the Court of Appeals, the Landrum-Griffin Amendments to the National Labor Relations Act were passed which specifically provided jurisdiction in the National Labor Relations Board over the type of picketing involved in the present case.
In January, 1960, the Court of Appeals heard arguments on this appeal and in May, 1960 ordered a reargument. Subsequently, the court rendered its opinion (Dooley v, Anton, 8 N Y 2d 91) holding that the passage of the Landrum-Griffin Amendments had effectively rendered moot the State jurisdiction in the facts as presented in this case.
The court further held that the Landrum-Griffin Amendments having been passed, the National Labor Relations Board had exclusive jurisdiction and the permanent injunction granted below could not stand. The court thereupon ordered that the judgment below, granting the permanent injunction, be reversed, without costs, and the complaint dismissed.
*1032 The plaintiff maintains that the defendants’ motion should be denied by virtue of the Court of Appeals decision (supra) which (1) vacated the permanent injunction and (2) reversed the judgment without costs to either party.
He argues that the court specifically made no mention of the temporary injunction which is the basis of this motion for damages. He states that section 893 of the Civil Practice Act provides for damages only if the court finally decides that the plaintiff was not entitled to a temporary injunction. Plaintiff further maintains that, although the court had the temporary injunction appeal before it, the court did not refer to said temporary injunction in its decision and that, as it now stands, there is no decision by any court ruling that the plaintiff was not entitled to the temporary injunction.
This court is of the opinion that the permanent injunction superseded the temporary injunction and thus the Court of Appeals in vacating the permanent injunction did in fact also vacate the temporary one. There is no necessity to specifically state something which is obvious. The order for the preliminary injunction was merged into the order which vacated the permanent injunction. (2 High, Injunctions, § 1476; Jackson v. Bunnell, 113 N. Y. 216, 220; 43 C. J. S., Injunctions, § 244, p. 984.)
This court does not agree with plaintiff’s second point that the Court of Appeals in reversing the judgment without costs to either party thereby denied the defendants the right to seek damages herein.
Where the Court of Appeals, in its discretion, allows or disallows costs, its determination applies to costs in that court only, pursuant to section 1510 of the Civil Practice Act, and has no relation to this motion which is brought under section 894 of the Civil Practice Act (Fulton v. Krull, 151 App. Div. 142; Matter of Water Comrs. of Amsterdam, 104 N. Y. 677; Franey v. Smith, 126 N. Y. 658).
Pursuant to section 894 of the Civil Practice Act and by virtue of the bond and undertaking executed by the Fidelity & Deposit Company of Maryland, this motion is granted and the question of the amount of damages, losses and expenses alleged to have been sustained by the defendants is referred to the Honorable Lee L. Ottawat, Official Referee for the Fourth Department, to hear and determine.