Benjamin Brenner, J.
Defendants apply for an award of damages pursuant to section 894 of the Civil Practice Act after a temporary injunctive order to restrain picketing by them was set aside. On reversal, the Appellate Division stated (10 A D 2d 645): “ Special Term, at the time the order was made, had jurisdiction in the exercise of a sound discretion to grant the temporary injunction * ® * and such discretion was not improperly exercised. Nevertheless, the complaint must be dismissed as the court is now without jurisdiction to act by reason of the amendment of the National Labor Relations Act * * *, which became effective November 13, 1959, subsequent to the making of the order appealed from. Deciding this appeal, as we must, on the basis of the law as it exists today * * *, we are of the opinion that the matter is now within the exclusive jurisdiction of the National Labor Relations Board ”.
The undertaking upon which this application rests is in the sum of $1,000. It was given pursuant to section 893 of the Civil Practice Act and is in usual form providing ‘£ that the plaintiff will pay to the party enjoined, such damages, not exceeding a sum, specified in the undertaking, as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto ”. (Civ. Prac. Act, § 893 [emphasis supplied].)
It is plaintiff’s contention that damages are not assessable under the statutes because they were entitled to the temporary *1058 injunction when it was issued. They emphasize the language of the Appellate Division above quoted in support of their contention.
Generally, of course, a change in law cannot make an agreement illegal which was legal when made but where there has been no performance, subsequent illegality will excuse performance (17 O. J. S., Contracts, § 24). Here, however, we are dealing with an agreement to indemnify, performance of which is affected by a subsequent contingency which involves not illegality but a change of the law. Thus, while Dooley v. Anton (7 A D 2d 880, revd. 8 N Y 2d 91) is authority for the principle that an appeal is decided on the basis of the law then in effect, the precise issue here is whether performance of the obligation upon a bond may also be affected by a change in the law not contemplated when the bond was given.
It will be noted that the plaintiff undertook to indemnify against a judicial act which, but for the change of law, would continue to be a legally sanctioned judicial act. The undertaking was issued on the basis of existing law under which the injunction was properly issued and when the law was amended jurisdiction to grant the injunction was merely withdrawn from the State’s judiciary. In these circumstances the matter may be likened to a contract legal when made but unenforcible because of the happening of a subsequent contingency, namely, a change of law which controlled the transaction not within the contemplation of the parties (17 0. J. S., Contracts, § 24, p. 356; Compania de Inversiones Internacionales v. Industrial Mtge. Bank of Finland, 269 N. Y. 22, affg. 244 App. Div. 778). Performance was similarly excused due to governmental action in Hamilton Rubber Mfg. Co. v. Greater New York Carpet House (47 N. Y. S. 2d 210, affd. 269 App. Div. 681) and in Mawhinney v. Millbrook Woolen Mills (231 N. Y. 290).
It should be said in passing that in a case of mine (Famous Beers v. Campbell, 6 Misc 2d 38) I held the bond enforcible following a plaintiff’s unilateral discontinuance of his cause which, because the propriety of the injunction remained undetermined, is distinguishable from the case at hand involving, as it does, an actual determination of propriety. Nor is Dooley v. Anton (24 Misc 2d 1030) controlling, for I differ with my learned colleague who there reached a contrary conclusion at Special Term. The application is denied.