■ MARGARET TOTTEN, Respondent, v. JOHN SAIONZ, Appellant, et al., Defendant.— Appeal from an order of the Supreme Court at Special Term, entered June 24, 1971 in Broome County, which denied a motion to dismiss plaintiff's first cause of action for legal insufficiency. It is alleged in said cause of action: that on March 30, 1968 appellant, as franchise seller, entered into a contract with Howington, Simon and Callaway wherein he sold a dance studio franchise to said persons, together with the right to use the name "Fred Astaire Dance Studios" and the reputation attached thereto; that said three assigned the franchise to Fleetwood Dance Studio, Inc.; that in 1969 respondent entered into three contracts with Fleetwood for dance lessons paying stated sums totaling over $43,000 and that Fleetwood failed to perform thereunder; and that appellant, as franchise seller, has breached the obligation of the franchise dealer and, as such, is responsible for the breach of said contracts between respondent and Fleetwood. Section 394-c of the General Business Law (renumbered 394-d, L. 1971, ch. 559, eff. Sept. 1, 1971) specified that "Any contract for instruction in physical and social skills, or for the use by an individual patron of a dance hall studio, ballroom, gymnasium, or other physical or social training facility which requires payment by the person receiving such instruction, or the use of such physical or social training facilities, between such patron and a franchised dealer shall be enforceable by the patron against the franchise seller either in requiring specific performance of the contract or in holding said franchise seller responsible for damages for a breach thereof." When originally enacted, the law, as passed, provided: "This act shall take effect immediately [June 22, 1968] and shall apply to any contracts signed on and after July first, nineteen hundred sixty-eight" (L. 1968, ch. 1033, § 3). The only possible meaning of "contracts", as so used, is in referring to those between patrons and franchise dealers and, since all three contracts between respondent and Fleetwood allegedly were made after the statute's effective date, section 394-c applies. To assume that the Legislature intended to except from the statutory protection afforded by section 394-c all franchise contracts executed prior to its effective date has no basis and overlooks the obvious legislative intent to afford protection to the public in just such a case as is now before the court. The allegations under scrutiny apprise appellant of the transactions intended to be proved (CPLR 3013, 3026) and adequately state a cause of action under section 394-c of the General Business Law, as in effect at the times in question (cf. *Kober* v. *Kober*, 16 N Y 2d 191, 193-194). There is a lack of merit in appellant's contention that, if section 394-c applies here, there is an impairment of his contractual rights in violation of section 10 of article I of the Constitution of the United States. It is settled that the interdiction of statutes impairing the obligation of contracts does not prevent the State from exercising such powers as are necessary for the general good of the public, even though contracts previously entered into between individuals may thereby be affected (*Matter of Department of Bldgs. of City of N. Y. [Philco Realty Corp.]*, 14 N Y 2d 291, 298). This power, known as the police power and an exercise of the right of government to protect the lives, health, morals, comfort and general welfare of the people, is paramount to any rights under contract between individuals and, while it is subject to limitations in certain cases, there is a wide discretion on the part of the legislature in determining what is and what is not necessary, a discretion with which courts ordinarily will not interfere (*Grove Hill Realty Co.* v. *Fern-*

*cliff Cemetery Assn.*, 7 N Y 2d 403, 409-410). The question is not whether the legislation affects contracts directly or indirectly but, rather, whether the legislation is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end (*Matter of People [Title & Mtge. Guar. Co.]*, 264 N. Y. 69, 83). So tested, this statute is not constitutionally invalid since it was intended to curb economic wrongs against consumers who relied on the franchise name and attributes wrongs which should not be permitted to continue indefinitely into the future. Order affirmed, with costs. Reynolds, Greenblott, Cooke and Simons, JJ., concur; Herlihy, P. J., concurs in the following memorandum: The motion seeks to test the sufficiency of the first cause of action of the complaint and it is, in my opinion, legally sufficient pursuant to section 394-c of the General Business Law. It is not necessary on this motion to decide any other issues.