Anthony J. Cerrato, J.
Defendants, Wedco Corporation, Consolidated Edison Company of New York and T. D. McCormack Contracting Co., Inc., move for partial summary judgment dismissing the first cause of action to foreclose plaintiff's mechanic’s lien, and for an order vacating said mechanic’s lien, on the ground that plaintiff expressly waived its right to file a mechanic’s lien in the construction contract allegedly breached by the defendants.
It appears that prior to July 1, 1975, the express written waiver of a right to file and enforce a mechanic’s lien was binding and enforceable notwithstanding a claimed breach of contract by the party seeking to enforce the waiver (see Lien Law, former § 34; Cummings v Broadway-94th St. Realty Co., 233 NY 407; Arr-Em Plastering Corp. v 515 East 85th St. Corp., 25 AD2d 59; Cieri Constr. Co. v Gramercy Constr. Corp., 13 AD2d 901).
However, effective July 1, 1975, a new section 34 was added to the Lien Law (L 1975, ch 74, § 2) which provides in pertinent part that: "Notwithstanding the provisions of any other general, specific or local law, any contract, agreement or understanding whereby the right to file or enforce any lien created under article two is waived, shall be void as against public policy and wholly unenforceable.”
The contract containing the waiver by plaintiff herein was executed on July 24, 1971. The notice of lien was filed on July 15, 1974. The question presented is whether the waiver, valid when made, is still enforceable in light of the Legislature’s subsequent declaration that such waivers are void and unenforceable. In this court’s opinion the waiver is no longer enforceable.
While the validity of a contract generally depends upon the law as it existed at the time it was made (Worthen Co. v Kavanaugh, 295 US 56), the contract is subject to changes in public policy subsequently occurring and will be unenforceable *349 if contrary to such changed policy provided only that the change in policy was intended to apply to such contract and is not violative of any constitutional limitations (cf. Compania de Inversiones Interacionales v Industrial Mtge. Bank, 269 NY 22; Straus & Co. v Canadian Pacific Ry. Co., 254 NY 407; Monti Mar. Corp. v Anderson, 27 Misc 2d 1057, 1058; 10 NY Jur, Contracts, §§ 129-130, 137).
In the instant case, the sweeping language of section 34 of the Lien Law clearly indicates an intention that it apply to pre-existing contracts (and see Totten v Saionz, 38 AD2d 630), and any suggestion that such application constitutes an impairment of defendants’ contractual rights in violation of section 10 of article I of the Federal Constitution is without merit. The interdiction of statutes impairing the obligation of contracts does not prevent the State from exercising such powers as are necessary for the general good of the public, even though contracts previously entered into may thereby be affected (Matter of Department of Bldgs. of City of N. Y. [Philco Realty Corp.], 14 NY2d 291; Grove Hill Realty Co. v Ferncliff Cemetery Assn., 7 NY2d 403; 9 NY Jur, Constitutional Law, §§ 167, 254-258).
"The question is * * * whether the legislation is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end” (Totten v Saionz, 38 AD2d 630, 631, supra). In the instant case the statute is not invalid since it appears to be designed for the protection of subcontractors and materialmen who are not economically strong enough to resist demands that they waive a valuable statutory right created specifically for their protection.
Accordingly, the motion is in all respects denied.