■ ROTODYNE, INC., Respondent, v CONSOLIDATED EDISON COMPANY OF N. Y., INC., et al., Defendants, and WEDCO CORPORATION, Appellant.—In an action, *inter alia,* to foreclose a mechanic's lien, defendant Wedco Corporation appeals from an order of the Supreme Court, Westchester County, dated February 23, 1976, which denied its motion (1) for partial summary judgment dismissing the first cause of action, for foreclosure of the mechanic's lien, and (2) to vacate the said lien. Order reversed, on the law, with $50 costs and disbursements, and motion granted. On July 24, 1971 the plaintiff, Rotodyne, Inc., entered into a contract with Wedco for the construction of

heating, ventilating and air-conditioning systems at the Indian Point nuclear facility. That contract contained a provision whereby Rotodyne expressly waived its right to file any mechanic's liens. At the time the contract was entered into, section 34 of the Lien Law permitted the written waiver of a mechanic's lien. However, effective July 1, 1975, former section 34 was repealed and a new section 34 was added to the Lien Law, which section provides, in pertinent part, that: "Notwithstanding the provisions of any other general, specific or local law, any contract, agreement or understanding whereby the right to file or enforce any lien created under article two is waived, shall be void as against public policy and wholly unenforceable." On July 15, 1974 Rotodyne filed a notice of lien and, thereafter, brought this action whereby it seeks, *inter alia,* to foreclose on its mechanic's lien for moneys allegedly due and owing to it for labor, materials and work performed. The question presented is whether the waiver, which was valid when made, is still enforceable in the light of the Legislature's recent enactment of the new section 34 of the Lien Law, whereby such waivers are declared to be void and unenforceable. In our opinion, the Legislature intended the statute to apply only to those contracts entered into after its effective date, viz., July 1, 1975. In Statutes (McKinney's Cons Laws of NY, Book 1, § 51) it is noted that: "b. * * * Generally, statutes are construed as prospective, unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive construction." and "c. * * * Statutes are generally presumed to operate prospectively and not retroactively." The language of the statute, viz., the use of the words "shall be", makes it clear that the Legislature intended it to apply prospectively only. On the other hand, the statute is devoid of any language which would, either expressly or by necessary implication, require that it be given retroactive application. Further, the legislative intent that it be applied prospectively is indicated by the fact that although the statute was enacted on May 6, 1975, it was not to take effect until seven weeks thereafter, on July 1, 1975 (L 1975, ch 74, § 2). A retroactive application of the statute would also be invalid as an unconstitutional impairment of contractual rights (see McKinney's Cons Laws of NY, Book 1, Statutes, § 53). The contract in question was entered into in reliance upon the law as it then existed, and the parties regulated their conduct accordingly. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur. [85 Misc 2d 347.]