Hon. Alexander F. Treadwell Formal Opinion No. 99-F5 Secretary of State Department of State 41 State Street Albany, N Y 12231-0001
Dear Secretary of State Treadwell:
Your counsel has inquired whether a cemetery corporation's decision to exercise its option to provide exclusive annual care services pursuant to the "Annual Care Law" (Not-For-Profit Corporation Law §1506[1]) supersedes existing contracts for annual care between third-party contractors and lot owners. Your counsel also has asked whether exercise of the option prohibits existing lot owners from entering into such third-party contracts. We conclude that a cemetery corporation's option to provide exclusively all annual care services only governs those who purchase lots after exercise of the option.
The Annual Care Law provides in pertinent part as follows:
 Notwithstanding any provision of this article to the contrary, it shall be the right of each cemetery corporation, at its option, to exclusively provide all annual care services to be performed for consideration on all or any part of its lands at rates to be reviewed by the cemetery board. . . . Every cemetery corporation that chooses to provide, on an exclusive basis, such annual care services shall include in any contract for the sale of any part of its lands the following notice, in at least ten point bold type:
 Notice
 The ___ (name of cemetery corporation), pursuant to state law, provides annual care services on an exclusive basis. Therefore, the purchaser of the plot or lot being transferred by this agreement may not contract with any outside party for such annual care services. . . . Not-For-Profit Corporation Law § 1506(1).
We note that "annual care" generally means care of lawns, trees, shrubs, monuments and markers. Id.
The provisions of the Annual Care Law reflect an intent that the law apply prospectively, that is, to lots purchased after a cemetery corporation exercises its option to provide exclusive annual care services. The statute requires a cemetery corporation to give notice of its decision to provide exclusive annual care services only to future purchasers. If the Legislature had intended to invalidate existing contracts for annual care or to prevent current lot owners from entering into new annual care agreements with outside contractors, presumably it would have required the cemetery corporation to give notice of its status as exclusive provider to those lot owners as well. We believe that the statute thus authorizes only prospective annual care.
Indeed, it is well-settled that statutes are construed to be prospective absent express legislative intent to the contrary. Morales v. Gross,230 A.D.2d 7, 9-10 (2d Dept 1997) (citing, Landgraf v. USI FilmProducts, 511 U.S. 244, 265 [1994]). Here, by its terms the Annual Care Law is prospective in application.
Our conclusion also is consistent with precedent holding that the Legislature generally may not pass a statute which, by reason of its retroactive operation, impairs obligations under a contract. See,Rotodyne, Inc. v. Consolidated Edison Company of New York, Inc.,55 A.D.2d 600, 601 (2d Dept 1976); Pioneer Transportation Corp. v.Kalajian, 122 Misc.2d 412, 414-415 (Kings County 1984). The limited exceptions to this principle are not applicable here. See, Grove HillRealty Company v. Ferncliff Cemetery Association, 7 N.Y.2d 403, 409
(1960), quoting Manigault v. Springs, 199 U.S. 473, 480 (1905).
We conclude that a cemetery corporation's exercise of its option to provide exclusive annual care of cemetery lots does not affect existing contracts between lot owners and outside contractors. Nor does the exercise of the option prohibit current lot owners from entering into new agreements with outside contractors for annual care services. The exercise of this option applies only to lots purchased after the option is exercised.
Very truly yours,
ELIOT SPITZER, Attorney General