UVALDE ASPHALT PAVING COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Defendant, and JOSEPH SIGRETTO et al., Appellants.

1. LIENS — ACTION TO FORECLOSE MECHANIC'S LIEN — DISCRETIONARY POWER OF COURT TO PERMIT AMENDMENT OF PLEADING TO CONFORM TO PROOF. An action to foreclose a mechanic's lien on moneys due from a municipality to certain contractors, described to be "for cash advanced for labor and materials furnished * * *," is equitable in its nature, and, where it appears at the trial, upon evidence offered without objection, that the contractors agreed to assign their contract to the plaintiff, if, in addition to supplying the material, the latter would make advances in money, it is within the discretionary power of the court to permit an amendment of the complaint to conform to the proof, so as to allege that the contractors agreed to give the assignment in question.

2. Notice of Lien, in Part for Money Loaned, Defective — Equity — Personal Judgment. The amendment, however, does not operate to cure the infirmity in the notice of lien, in so far as it claimed a lien upon the fund for cash advanced, since the Lien Law gives no right to file a lien for money loaned, and a judgment decreeing a valid lien for the whole amount claimed is, therefore, erroneous as to that item although proper as to the item for material furnished. But the failure to establish a valid statutory lien as to the money advanced does not affect the plaintiff's right to recover a personal judgment against the contractors for such amount, since equity will regard that as done which ought to have been done, and the contractors having refused to perform their agreement to assign the contract, the amount due thereunder is charged with an equitable lien in favor of the plaintiff, which the court may enforce by rendering a personal judgment in its favor decreeing that measure of relief which is appropriate to it as an assignee of the contract.

*Uvalde A. Paving Co.* v. *City of New York,* 113 App. Div. 916, reversed

(Argued January 24, 1908; decided February 25, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 30, 1906, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. Titcomb* for appellants. The learned trial court erred in allowing an amendment to the complaint radically changing the nature of the action. (*Hotaling* v. *Marsh,* 132 N. Y. 29.) The judgment appealed from is erroneous in that it gives the plaintiff a mechanic's lien, not for labor and materials, but for money loaned with which to pay for labor and materials. (*Kirby* v. *Daly,* 45 N. Y. 84.) The court erred, not only in giving a judgment for a lien, but also in giving a personal judgment. (*Mowbray* v. *Levy,* 85 App. Div. 68.)

*Frank P. Reilly* and *Charles H. Hyde* for respondent. The personal money judgment against the appellants was proper. (*Terwilliger* v. *Wheeler,* 81 App. Div. 460; *Koep-*

*pel* v. *MacBeth*, 97 App. Div. 299; *Thompson* v. *B. II. R. Co.*, 111 App. Div. 358; *Ringle* v. *W. I. Works*, 149 N. Y. 439; *B. & C. Co.* v. *Pacheteaux*, 175 N. Y. 492; *Valentine* v. *Richardt*, 126 N. Y. 272; *Dammert* v. *Osborne*, 140 N. Y. 30; *Hubbell* v. *Hendrickson*, 175 N. Y. 175, 180; *Bailey* v. *Hornthal*, 154 N. Y. 648; *Mowbray* v. *Levy*, 85 App. Div. 68.) The judgment was proper. (*Ringle* v. *W. I. Works*, 149 N. Y. 442; *Ostrom* v. *Greene*, 161 N. Y. 353; *Otten* v. *Manhattan Co.*, 150 N. Y. 395; Code Civ. Pro. § 1337; *Fischer* v. *Blank*, 138 N. Y. 669; *Born* v. *Schrenkeisen*, 110 N. Y. 55; *Gilmour* v. *Concord*, 183 N. Y. 342; *Carl* v. *Mayer*, 51 App. Div. 5; *Smith* v. *City of New York*, 32 Misc. Rep. 380; *Morton* v. *Tucker*, 145 N. Y. 244.)

Gray, J.   In this action to foreclose a mechanic's lien the plaintiff has recovered a judgment, adjudging that it had a "valid lien on the moneys due from the city of New York to the defendants, Sigretto and Mannino", and awarding a personal judgment against them for the whole amount claimed. The notice of lien filed by the plaintiff described its claim in this way: "Cash advanced for labor and materials furnished, to wit: Asphalting the openings, (for certain sewer work in Brooklyn), supplying broken stone and cement and the agreed price and value thereof is $3,578.65". It was conceded, in effect, that of that sum $2,500 represented moneys advanced to the appellants by the plaintiff, in order that they might execute their contract with the city. The balance was due to the plaintiff for furnishing asphalt. At the trial, upon evidence, which was admitted without objection, that the appellants agreed to assign their contract to the plaintiff, if, in addition to supplying the asphalt, the latter would make advances of moneys, the court allowed an amendment of the complaint to conform to the proof "and to allege that the defendants agreed to give assignments of the contract with the city of New York". In deciding the case, the court found as a fact that the agreement had been made to assign to the plaintiff the contract and all moneys due the appel-

lants under it, before it made the payments for the other labor and materials, now questioned, and, as a fact, it is conclusively established by the unanimous affirmance of the judgment. The action was in equity and, under the circumstances of the case, I think it was within the discretionary power of the court to allow the plaintiff to amend its pleading. But the amendment could not operate to cure the infirmity in the notice of lien, in so far as it claimed a lien upon the fund for the cash advanced, or loaned, to the contractors. The statute gives no right to file a lien for moneys loaned. The amendment, therefore, was of no particular benefit; as it was not necessary to support a personal judgment against the appellant contractors. As the lien, sought to be created by the plaintiff's notice, was invalid, as a claim for any advances of moneys, the judgment was erroneous in decreeing a valid lien for the whole amount claimed. The importance of this error is in the possible effect upon the rights of the sureties upon the bond, which was given by the appellants in order to procure a discharge of the lien and to secure the payment to them of the moneys retained by the city. But the failure to establish a valid statutory lien, as to a part of the amount, claimed, did not affect the plaintiff's right to recover a personal judgment against the appellants for the amount of their indebtedness. The appellants having refused to perform their agreement to assign their contract, equity will, as to them, regard that as done which ought to have been done and the court will decree that measure of relief to the plaintiff, which is appropriate to it as an assignee of the contract. The defendants in withdrawing the fund from the city, through the giving of the bond, took it charged with an equitable lien in favor of the plaintiff; which the court may enforce by rendering a personal judgment against them. That was a part of the equitable relief, which the court was authorized to administer in its general jurisdiction thus acquired over the parties and their controversy.

I think that the judgment should be modified by reducing

the amount, for which it adjudged the lien filed by the plaintiff to have been valid against the fund, to the sum of $1,078.65 and, with that modification, the judgment should be affirmed ; without costs to either party.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BART-LETT and CHASE, JJ., concur.

Judgment accordingly.