Marcus E. Cummings, Trading as M. R. Flooring Company, Plaintiff, v. Broadway-94th Street Realty Co., Inc., Appellant, and Pollack & O'Neill, Inc., Respondent, Impleaded with Others.

**Liens — contractor may waive right to file notice of lien — when entitled to personal judgment against owner.**

1. A contractor may, for a valuable consideration, waive the provisions of the statute giving him the right to file a notice of lien and a finding that such a waiver was rendered ineffectual by reason of the fact that the owner had failed to pay an amount found due and a judgment entered thereon directing foreclosure of a lien which had been filed and a sale of the premises is, therefore, erroneous. (*Greenfield* v. *Brody*, 204 N. Y. 659, distinguished; *Kertscher & Co.* v. *Green*, 205 N. Y. 522, distinguished and limited.)

2. Where a contractor has performed labor and furnished materials for the improvement of real property at the request of the owner and it has filed a lien in good faith within the time prescribed by law and the only reason why the lien cannot be enforced is the agreement waiving his right thereto, he is entitled under the Lien Law (Cons. Laws, ch. 33, § 54) to a personal judgment against the owner for the amount found due.

*Cummings* v. *Broadway-94th Street Realty Co.*, 196 App. Div. 194, modified.

(Argued April 25, 1922; decided May 31, 1922.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 17, 1921, unanimously affirming a judgment in favor of defendant, respondent, entered upon a decision of the court on trial at Special Term.

*Joseph A. Seidman* for appellant. The trial court was without power and jurisdiction to award a personal judgment for the alleged debt or for a deficiency in favor of the respondent and against the appellant. (*Grant* v. *Van Dercook*, 57 Barb. 166; *O'Brien* v. *N. Y. Butchers' D. & M. Co.*, 54 Misc. Rep. 297; *N. Y. L. Ins. Co.* v.

*Aitkin,* 125 N. Y. 660; *Pennoyer* v. *Neff,* 95 U. S. 714; *Derham* v. *Lee,* 87 N. Y. 599; *Lincoln Nat. Bank* v. *Peirce Co.,* 228 N. Y. 359; *Jones* v. *Grant,* 10 Paige, 348; *Leske* v. *Wolf,* 154 App. Div. 233; *Manelley* v. *New York,* 119 App. Div. 376; *Nauss* v. *Nauss Bros. Co.,* 195 App. Div. 328; *Terwilliger* v. *Wasserman,* 40 Misc. Rep. 120.) The judgment decreeing a lien in favor of respondent is not only unsupported by the finding of fact, but is directly contrary to the facts found by the court and acquiesced in by the respondent. (*Empire Realty Co.* v. *Sayre,* 107 App. Div. 415; *Wilkes* v. *Rogers,* 6 Johns. 566; *Baker* v. *Ancient Order of Hibernians,* 170 App. Div. 744; 224 N. Y. 363; *Fetterich* v. *Totten,* 2 Abb. [N. S.] 264; *Matter of Bromitzky,* 136 App. Div. 672; *Mahaney* v. *Carr,* 175 N. Y. 454; *Ide* v. *Brown,* 178 N. Y. 26; *Becker* v. *McCrea,* 193 N. Y. 423; *Whalen* v. *Stuart,* 194 N. Y. 495; *Pangburn* v. *Buick Motor Co.,* 211 N. Y. 234; *Barcalo Mfg. Co.* v. *Maldonado Co.,* 221 N. Y. 499; *Cohen* v. *Witteman,* 100 App. Div. 338.) The respondent, by the filing of the notice of lien, did not acquire a valid lien against the premises described in the judgment. (*Barrett* v. *Schaeffer & Co.,* 162 App. Div. 52; *Homans* v. *Tyng,* 56 App. Div. 383; *Finch* v. *Simon,* 61 App. Div. 139; *R. R. Co.* v. *Walker,* 163 S. W. Rep. 1068; *Colon* v. *Smith,* 226 N. Y. 101; *Mathiasen* v. *Barkin,* 62 App. Div. 614; *Steuerwald* v. *Gill,* 85 App. Div. 605; *McLean* v. *Sanford,* 26 App. Div. 603; *Marsh* v. *Thomson Realty Co.,* 174 App. Div. 218; *Hunter* v. *Walter,* 58 Hun, 607.)

*Albert M. Lee* and *Arthur Ofner* for respondent. Assuming that the agreement was effective as a waiver of respondent's lien, the default of appellant in fulfilling its obligations thereunder revived and reinstated such right. (*Kertscher* v. *Green,* 205 N. Y. 522; *Greenfield* v. *Brody,* 204 N. Y. 659; Cardozo, Jurisdiction of Court of Appeals [2d ed.], 93, 291; *Christopher Street Railway Co.* v. *23d*

*Street Railway Co.*, 149 N. Y. 51; *Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Parker* v. *Baxter*, 86 N. Y. 586; *Ostrander* v. *State of New York*, 192 N. Y. 415; *Groves* v. *Rice*, 148 N. Y. 227; *Ogden* v. *Alexander*, 140 N. Y. 356.)  In any event, the respondent is entitled to a personal judgment.  (Lien Law, § 54; *Bradley* v. *Pacheteau*, 175 N. Y. 492; *Gilmout* v. *Colcord*, 183 N. Y. 342; *Uvalde A. P. Co.* v. *City of N. Y.*, 191 N. Y. 244; *Volker Lumber Co.* v. *Vance*, 36 Utah, 348; *Los Angeles Brick Co.* v. *Higgins*, 97 Pac. Rep. 414; *Brzezinski* v. *Neeves*, 93 Wis. 567; *Abbott* v. *Easton*, 195 N. Y. 372; *DeMenna* v. *Cooper*, 220 N. Y. 395; *Steuerwald* v. *Gill*, 85 App. Div. 605; *Hawkins* v. *Mapes*, 82 App. Div. 72.)

McLaughlin, J.   This action was brought to foreclose a mechanic's lien.   After the commencement of the action it was discontinued so far as the plaintiff was concerned and thereafter continued and tried as though Pollack & O'Neill, Inc., were the plaintiff and the Broadway-94th Street Realty Co., Inc., the defendant.   At the trial it appeared that on or about the 17th of August, 1916, the defendant Pollack & O'Neill, Inc., entered into a contract with the Broadway-94th Street Realty Co., Inc., by the terms of which the former agreed to furnish all the materials and perform all the labor required in connection with the plumbing of a building in the city of New York belonging to the latter.   The trial court found there was due Pollack & O'Neill, Inc., $4,965.55, besides costs and disbursements, and the lien filed by it therefor a valid lien upon such premises.   Judgment was entered upon the decision for the amount found due, directing a foreclosure and sale.   Both parties appealed to the Appellate Division — Pollack & O'Neill, Inc., only from that part of the judgment which disallowed interest upon the amount recovered.   The Appellate Division unanimously affirmed the judgment and denied leave to appeal to this court.   The realty company then appealed, by permission

of this court. The application of Pollack & O'Neill, Inc., for leave to appeal, however, was denied by this court. Notwithstanding that fact it took an appeal from that part of the judgment disallowing interest.

The decision of the Appellate Division being unanimous, and leave to appeal not having been given to Pollack & O'Neill, Inc.; its appeal was unauthorized and, therefore, is dismissed.

Simultaneously with the execution of the agreement by which Pollack & O'Neill, Inc., agreed to furnish the materials and perform the work necessary for the plumbing, it, for a valuable consideration, executed another agreement by which it: " Covenants and agrees not to file any liens or to make any claims * * * against the aforesaid premises, or any part thereof, or against any building or buildings, or other improvements erected or made, or to be erected or made thereon, or against the leasehold interest aforesaid for any work that the said contractor may at any time do under the contract hereinbefore referred to, or any other, or for any materials that he may furnish thereunder, or for anything whatever done or to be done under and pursuant to such contract, or any other, or any modification thereof, or upon any other ground or nature or character whatsoever; and further covenants to release, and hereby does release, the premises above referred to and each and every part thereof and any and all buildings that may now or hereafter be erected thereon from any and every lien, charge or claim of any nature whatsoever that he might otherwise at any time have against the same, or any part thereof, for work done or to be done, or materials furnished, or to be furnished, or upon any other ground whatsoever, growing out of or in any way connected with or relating to the erection and construction of any building or buildings upon said premises."

The trial court found that this agreement not to file a lien was rendered ineffectual by reason of the fact that the

realty company had failed to pay the amount found due. The Appellate Division reached the same conclusion, relying upon the authorities of *Greenfield* v. *Brody* (204 N. Y. 659) and *Kertscher & Co.* v. *Green* (205 N. Y. 522).

I am of the opinion neither of these authorities sustains that view. In the *Greenfield* case the contract was for the construction of several houses and the contractors were to be paid in part by the conveyance to them of two of the houses. The owner transferred the property and thus put it beyond his power to comply with the contract. It was held this authorized the contractors to file a notice of lien, notwithstanding the fact they had agreed not to do so. Obviously, the basis of the decision was predicated upon the fact that the owner of the property had put it out of his power to perform.

It is true there are expressions in the opinion in the *Kertscher* case which sustain the view of the trial court and the Appellate Division. Such statements, however, were made upon the authority of the *Greenfield* case, which, as indicated, does not sustain such view, and besides, the statements made were unnecessary to and not involved in the decision, as an examination of the record will disclose. The decision was placed upon the provisions of the contract there involved, the court reaching the conclusion that the agreement not to permit liens to be filed referred only to liens filed against the contractor by workmen, subcontractors or materialmen. (See p. 525 of opinion in the *Kertscher* case.)

The statute gives to a contractor performing work or furnishing materials in the construction of a building, in case of the owner's default as to payments, the right, on complying with the statute, to file a notice of lien. The owner must have made default or put it beyond his power to perform before a notice of lien can be filed. No good reason can be suggested, however, why a contractor cannot, for a valuable consideration, waive the provisions of

the statute giving him the right to file a notice of lien. The doctrine of the *Kertscher* case ought not to be extended, but should be confined to what was there decided.

It follows that Pollack & O'Neill, Inc., had no right to file a notice of lien, since it expressly agreed not to do so. The judgment directing foreclosure of the lien and sale of the premises is, therefore, erroneous.

The lien having failed, I am of the opinion under the statute (Laws of 1909, chap. 38, secs. 54, 64) that Pollack & O'Neill, Inc., is entitled to a personal judgment against the realty company for the amount found due. The statute provides that: " If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this article, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action." (Lien Law [Cons. Laws, ch. 33], sec. 54, formerly Code of Civil Procedure, sec. 3412.)    And: " A court or referee in any action heretofore or hereafter brought may at any time award a money judgment in favor of any party.    *    *    *."    (Sec. 64.)

Pollack & O'Neill, Inc., performed labor and furnished materials for the improvement of real property at the request of the realty company.    This gave it the right, except for the agreement referred to, to a lien.    (Lien Law, sec. 3.)    It filed its notice of lien, so far as appears, in good faith within the time prescribed by law, and the only reason why the lien cannot be enforced is its agreement.    Under such circumstances it seems to me it should be given a personal judgment against the realty company. (*DiMenna* v. *Cooper & Evans Co.,* 220 N. Y. 391; *Abbott* v. *Easton,* 195 N. Y. 372; *Uvalde A. P. Co.* v. *City of New York,* 191. N. Y. 244; *Gilmour* v. *Colcord,* 183 N. Y. 342; *Bradley & Currier Co.* v. *Pacheteau,* 175 N. Y. 492.)

The judgments appealed from by the realty company

should, therefore, be modified as indicated in the opinion, and as thus modified affirmed, without costs to either party.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.