Elbert T. Gallagher, J.
In this suit to foreclose a mechanic’s lien, the owner, lessee, assignee of the lessee and the mortgagee of the premises in question have moved for judgment on the pleadings dismissing the counterclaims to foreclose mechanics’ liens served by four defendant subcontractors, on the ground that the right to file mechanics ’ liens was waived by such subcontractors. Since argument of the motions, the court has received a letter from the lessee stating that it no longer has any interest in the outcome of the motions.
The contracts which form the basis of the liens were executed in 1955 between the subcontractors and defendant Hartsdale Town House, Inc., then owner and present lessee of the premises, and contain the following provision: “6. The contractor hereby waives his lien for work, labor and services and materials furnished. The contractor likewise agrees that the materialmen will waive the filing of a lien, bill of sale, chattel mortgages or conditional bill of sale. Contractor has examined and read plans and specifications and examined land and location and is thoroughly familiar with all conditions (physical and otherwise) and all other details pertaining to job.”
On February 16,1956, before completion of the improvement, the owner transferred title to defendant The Town House Co., which on the same day executed a lease of the premises to the former owner, Hartsdale Town House. On said day, defendant Travelers Insurance Company took an assignment of a mortgage of the premises which had been executed by the former owner. On May 10, 1956, Hartsdale assigned the lease to defendant Florell Equities, Inc.
The waiver contained in the contracts executed by the lienors complies with the requirements of section 34 of the Lien Law and is valid. (MacArthur Concrete Pile Corp. v. Kew Queens Corp., 276 App. Div. 1015.) By agreeing to this waiver, the subcontractors evinced their intention to rely for payment on the financial reliability of the original owner.
That title changed hands during the period in which they were supplying their services and materials does not alter the situation. At the time they signed the contracts, they must have known that such a transfer of title could and might take place at any time. This may appear to be an improvident contract from the viewpoint of the subcontractors. As was stated by the court in Strong v. Reeves (280 App. Div. 301, 304): “ It is the function of the courts however to construe and enforce agreements, not to remake them. Agreements that appear improvident, but nevertheless valid and enforcible, are of common occurrence.”
*748 Those parts of the counterclaims or cross complaints which are based on the foreclosure of mechanics’ liens are dismissed. Insofar as recovery of money damages is sought they shall stand. The mechanics’ liens are ordered vacated.
Settle orders on notice.