■ ARROW BUILDERS SUPPLY CORP., Plaintiff, v. HARTSDALE TOWN HOUSE, INC., et al., Defendants; CORTLANDT PAINTING CO., INC., et al., Appellants, and LEW MAUSER et al., Copartners Doing Business as TOWN HOUSE CO., et al., Respondents.— Appeal from so much of an order as (1) granted respondents' motion for judgment on the pleadings dismissing appellants' respective cross complaints insofar as said cross complaints seek foreclosure of respective mechanic's liens, and (2) directed the cancellation of those liens. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the order insofar as appealed from and to deny the motion, with the following memorandum: On motion of respondents, respectively the owner, the lessee and a mortgagee of real property against which appellants claim mechanic's liens, appellants' answers, insofar as they seek to foreclose such liens, have been dismissed, pursuant to rule 112 of the Rules of Civil Practice, and the notices of lien filed by appellants have been cancelled. The basis of the determination appealed from was that bills of particulars served by appellants disclosed that in 1954, in contracts made between appellants and the defendant Hartsdale Town House, Inc., which was then the owner of the real property, appellants had waived their " lien for work, labor and serv- ices and materials furnished." It does not appear from the pleadings that appellants were seeking to enforce said contracts against respondents. Apparently they sought relief against the present owner and lessee on the ground that in 1955 and 1956 appellants had performed the labor and furnished the materials for the improvement of the real property, for which they asserted their liens with the knowledge and consent of those respondents. The lien of the mortgage held by the Travelers Insurance Company was asserted to be subordinate to the mechanic's liens of appellants. If these waivers are available to respondents, they are required to be asserted with proof of facts which make them available by way of defense. Appellants had not pleaded the contracts in their answers, and it does not appear from the pleadings that they were required to prove them in order to establish their liens. Neither were they required to anticipate that the claim of waiver would be asserted against them by respondents. It may be assumed that the claim of waiver has been properly asserted, since no pleading was necessary on the part of respondents to permit them to invoke that defense (Civ. Prac. Act, § 264; *Furshpin* v. *Monticello Co-op. Fire Ins. Co.*, 249 App. Div. 366). How- ever, the defense of waiver, if asserted, is deemed to be controverted by traverse or avoidance, as the case requires (Civ. Prac. Act, § 243). Since an issue of fact as to this defense has been created by statute, without the necessity of a pleading, it was error to grant the motion made by respondents under rule 112 (cf. *Owens* v. *Owens*, 1 A D 2d 844; *Matter of Provisero*, 281 App. Div. 844). Moreover, even if it be assumed that there is no issue of fact, neither bill of particulars discloses on its face that appellants waived the liens which they acquired by filing notices of lien in 1956. In 1954, when each appellant, by agreements with Hartsdale Town House, Inc., purported to waive its " lien ", it had no lien which could be waived. Mechanic's liens are created and exist only upon the filing of notices as provided in sections 3 and 5 of the Lien Law. Either the so-called waivers were nullities (cf. *Park Avenue M. E. Church* v. *Barrett*, 30 N. Y. S. 2d 667, affd. 264 App. Div. 879) or, if the order appealed from is to be sustained, they must be construed on

consideration of the pleadings alone as agreements to waive any rights which appellants might thereafter acquire to file notices of mechanic's liens, which agreements could be enforced by respondents, who were strangers to them. The pleadings do not warrant such a conclusion.