## (May 19, 1961)

■ J. B. CIERI CONSTRUCTION CO., INC., Respondent, v. GRAMERCY CONSTRUCTION CORP., et al., Appellants, et al., Defendant.— Order unanimously reversed on the law, without costs of this appeal to any party and defendants' motion for partial summary judgment granted, without costs, in accordance with the memorandum. Memorandum: This is an appeal from a denial of a motion for partial summary judgment. The defendant Gramercy seeks a dismissal of the complaint pursuant to rule 114 of the Rules of Civil Practice to the extent that it seeks foreclosure of a mechanic's lien and also moves to sever to the extent

that the complaint seeks a money judgment and to permit the action to continue for money damages only. The Special Term Justice found that there were material issues of fact relating to the validity of the mechanic's lien. We find no such issues. The question involved is whether under the facts presented, a waiver of the right to file the mechanic's lien, contained in the written subcontract in which Gramercy was the contractor and Cieri the subcontractor, is valid and binding and prevents the foreclosure of a lien filed contrary to that provision of the subcontract. The language of the subcontract in this respect is clear and unequivocal. Such a waiver is authorized and recognized by section 34 of the Lien Law (see, also, *Cummings* v. *Broadway-94th St. Realty Co.*, 233 N. Y. 407; *Arrow Builders Supply Corp.* v. *Hartsdale Town House*, 11 Misc 2d 746, affd. 7 A D 2d 755; *MacArthur Concrete Pile Corp.* v. *Kew Queens Corp.*, 276 App. Div. 1015). After the lien had been filed, Gramercy demanded its foreclosure in accordance with section 21-a of the Lien Law and then, after the foreclosure action had been commenced, bonded the lien as it had an express right to do under the terms of the subcontract. Neither of these procedures effected a waiver of Gramercy's right to object to the filing of the lien or to request the relief demanded on this motion. The lien having been properly filed and being regular on its face, could not be discharged on motion under subdivision 7 of section 21 of the Lien Law. The only recourse Gramercy had was to demand foreclosure under section 21-a and then to attack the notice of lien. Furthermore, the bonding of the lien was in complete accordance with the terms of the contract. Finally, in conclusory, vague allegations in its opposing affidavits Cieri contends that there was fraud by Gramercy in inducing the inclusion of the waiver provision in the subcontract. However, by its pleading, Cieri has affirmed the subcontract and cannot now be heard to say that part of it was induced by fraud. It does not ask for reformation and it is doubtful that such a remedy would be available to it under the facts of this case (9 Wigmore, Evidence [3d ed.], § 2435, subd. [a]). Accordingly, the order should be reversed, the mechanic's lien described in the complaint vacated and annulled, the complaint, to the extent that it seeks foreclosure of a mechanic's lien should be dismissed, and the action, insofar as it seeks a money judgment against Gramercy Construction Corporation, should be severed, and as so severed remain and continue as a pending action. (Lien Law, § 54; *Eagle Contractors of Utica* v. *Black*, 7 A D 2d 622, affd. 8 N Y 2d 732.) (Appeal from order of Oneida Special Term, denying motion by defendants Gramercy Corp. and Aetna Co. for partial summary judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.