Arr-Em Plastering Corp., Plaintiff, v. 515 East 85th Street Corp., Appellant, and Malcan Construction Co., Inc., Respondent, et al., Defendants.

First Department, February 8, 1966.

Sylvan D. Freeman and Manuel Taxel of counsel (Dreyer & Traub, attorneys), for appellant.

Leonard Shabasson of counsel (Max E. Greenberg with him on the brief; Max E. Greenberg, attorney), for respondent.

McNALLY, J. The question presented is whether a subcontractor which has validly waived its right to file a mechanic's lien may acquire such right, after it has performed the work and furnished the materials claimed for, upon the contractor's oral consent to the elimination of the waiver provision contained in the written contract between the contractor and the subcontractor without the knowledge or consent of the owner.

Defendant-appellant 515 East 85th Street Corp. owns premises 511-517 East 85th Street in the Borough of Manhattan. Appellant on December 5, 1961 entered into a lease-contract with defendant Brosen Associates, Inc. (formerly Brosen Realty Corp.) for the construction, at Brosen's expense, of a 13-story apartment house to be leased to Brosen for 21 years with options for renewal. Appellant effected a building loan mortgage of $1,080,000, the proceeds of which were received by Brosen and constituted the appellant's sole financial obligation relative to the construction of the building. Brosen covenanted not to create or permit any mechanic's lien against the premises.

Brosen contracted with defendant Gilsen Construction Corp. to erect the building. Brosen and Gilsen are family corporations. We have heretofore held that Gilsen is chargeable with knowledge of and bound by the said covenant not to create any mechanic's lien against the premises. (*Arr-Em Plastering Corp.* v. *515 East 85th St. Corp.*, 21 A D 2d 415.)

Defendant-respondent Malcan Construction Co., Inc. is the subcontractor in respect of the carpentry. Its claim is for the balance of $5,340.92 for work performed and materials supplied in accordance with its contract with Gilsen. Malcan's contract also provides it will not file or cause to be filed any mechanic's lien against the premises.

Malcan on April 12, 1963 instituted suit against Gilsen to recover the said balance. Pending said action and settlement negotiations and in consideration of the extension of time to answer of Gilsen during negotiations for settlement, Gilsen purported orally to waive the benefit of Malcan's covenant not to file a mechanic's lien. Thereupon, Malcan on June 13, 1963 filed the lien herein. In this action brought by plaintiff to foreclose a mechanic's lien, defendant-appellant moved for summary judgment dismissing Malcan's counterclaim and cross complaint for the foreclosure of its lien and for its vacatur and discharge. Special Term denied the motion holding that factual issues are present as to Gilsen's alleged consent to the elimination of Malcan's waiver.

Section 34 of the Lien Law provides a subcontractor may waive his lien by express written agreement signed by him

or his agent. Malcan's waiver of lien complies with the statute and it does not contend otherwise. The waiver served to extinguish Malcan's right to file a notice of lien. (*Cummings* v. *Broadway-94th St. Realty Co.,* 233 N. Y. 407, 412; *Cieri Constr. Co.* v. *Gramercy Constr. Corp.,* 13 A D 2d 901; *Arrow Bldrs. Supply Corp.* v. *Hartsdale Town House,* 11 Misc 2d 746, affd. 7 A D 2d 755; *MacArthur Concrete Pile Corp.* v. *Kew Queens Corp.,* 276 App. Div. 1015; *Mintzes Contr. Co.* v. *Country Wood Homes Corp.,* 202 N. Y. S. 2d 359.)

The relinquishment of the right of Malcan to file a lien " cannot be recalled or expunged ". (*Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.,* 222 N. Y. 34, 37; *Clark* v. *West,* 193 N. Y. 349, 360; *Kiernan* v. *Dutchess County Mut. Ins. Co.,* 150 N. Y. 190, 195.)

Malcan's waiver is inconsistent with and excludes the statutory basis for a mechanic's lien. Section 3 of the Lien Law enables a mechanic's lien if the improvement is with the consent of the owner. The waiver is conclusive against Malcan's reliance on the consent of the appellant because thereby it relinquished its rights against the property and limited itself to the credit of Gilsen. (*Arrow Bldrs. Supply Corp.* v. *Hartsdale Town House, supra,* p. 747; *Tager* v. *Healy Ave. Realty Corp.,* 14 A D 2d 584, 585.)

The record fails to establish the appellant's consent to or knowledge of the elimination of Malcan's waiver of lien. " When the lien has been once waived it cannot afterward be revived in the absence of an express agreement to that effect with the owner ". (57 C. J. S., Mechanics' Liens, § 222, pp. 792–793.)

The order should be reversed, on the law, and the motion for summary judgment dismissing the cross complaint and counterclaim of defendant-respondent Malcan Construction Co., Inc. granted, with costs to defendant-appellant.

BOTEIN, P. J., BREITEL, RABIN and EAGER, JJ., concur.

Order, entered on January 11, 1965, unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and the motion for summary judgment dismissing the cross complaint and counterclaim of defendant-respondent granted, with $10 costs.