Memorandum. The order of the Appellate Division should be affirmed.
 

 The affidavits submitted by the parties on plaintiff’s motion for summary judgment tender no admissible proof of evidentiary facts relevant to the resolution of the asserted ambiguity in the terms of the payment bond. The present intervenors are of course bound by the record as they find it. Absent any relevant extrinsic evidence or the anticipation of the availability thereof, the resolution of any ambiguity in the written contract between the parties is to be determined by the court as a matter of law.
 
 (Hartford Acc. & Ind. Co. v Wesolowski,
 
 33 NY2d 169, 172;
 
 Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,
 
 32 NY2d 285, 291.)
 

 In this procedural posture we find no error of law in the construction of the written instrument made in this case by the Appellate Division. If as here there is no express language to the contrary in the written document (and no extrinsic evidence), the standard would seem to be that where payment is stipulated to occur on an event, the occurrence of the event fixes only the time for payment; it is not to be imported as a substantive condition of the legal responsibility to pay. In the submission to the Appellate Division and now to our court all parties concede that in the present instance plaintiff had fully performed all of the obligations required and expected of the electrical subcontractor—that in this substantive sense the claim of the subcontractor was "justly due”, within the language of the payment bond issued by defendant.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.