■ Crown Plastering Corp., Appellant, v Elite Associates, Inc., et al., Respondents.—In an action by a subcontractor, *inter alia,* to recover the balance due on a subcontract, the

plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 30, 1989, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant Elite Associates, Inc. (hereinafter Elite), the general contractor, entered into a contract with the Nassau County Department of Public Works to construct the Nassau County District Courthouse. The plaintiff, Crown Plastering Corp. (hereinafter Crown), entered into a written subcontract with Elite to perform, *inter alia,* the lath and plaster work for the project. The defendant Aetna Fire Underwriters Insurance Company issued a payment bond on behalf of the general contractor. After Crown substantially performed its contract, aside from certain minor items, the owner terminated the prime contract with Elite. Thereafter, Elite commenced an action against the owner for wrongful termination of the contract and Crown commenced the instant action against Elite and Aetna to recover the balance due on the subcontract and the value of extra work. Relying upon the payment provisions of the subcontract, the defendants oppose the plaintiff's motion for summary judgment on the ground that final payment is not due Crown until the general contractor has received its payment from the owner.

Article 3 of the contract, after setting forth the contract price, expressly states that "[r]eceipt of payment from the owner for the subcontractor's work is a condition precedent to payment by the Contractor to the Subcontractor. The Subcontractor hereby acknowledges that it relies on the credit of the Owner, not the Contractor, for payment of its work." Article 5 further provides that "[f]inal payment shall be payable to the Subcontractor thirty (30) days after the *general contract work is completed and accepted upon the condition that final payment is received by the Contractor from the Owner* and provided the Work described in this subcontract is fully completed and performed in accordance with the Contract Documents and is satisfactory to the Owner, Architect and Contractor" (emphasis supplied).

The law is well settled that absent a clear expression in the contract that the credit risk of the general contractor and the delay in payment frequently attending on construction projects are meant to be shifted to subcontractors, a contract provision that payment is not due the subcontractor until the owner has paid the general contractor is to be construed as merely fixing a time for payment and not establishing a

condition precedent for payment *(see, Action Interiors v Component Assembly Sys.,* 144 AD2d 606; *Grossman Steel & Aluminum Corp. v Samson Window Corp.,* 78 AD2d 871, *affd* 54 NY2d 653; *Sturdy Concrete Corp. v NAB Constr. Corp.,* 65 AD2d 262; *Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 49 AD2d 60, *affd* 40 NY2d 883; *Colonial Roofing Corp. v John Mee, Inc.,* 105 Misc 2d 140). Here, the payment provisions, when read in conjunction with article 3 of the subcontract, clearly manifest the parties' intention to shift the credit risk of the general contractor and delays in payment to the subcontractor. Consequently, receipt of payment by Elite from the owner is a condition precedent to final payment to Crown.

Although a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition precedent *(see, Kooleraire Serv. & Installation Corp. v Board of Educ.,* 28 NY2d 101, 106; *Sunshine Steak, Salad & Seafood v W.I.M. Realty,* 135 AD2d 891), Crown has not proffered any evidentiary facts to establish that the prime contract was terminated due to Elite's breach of the contract. Accordingly, Crown has failed to make a prima facie showing of entitlement to judgment as a matter of law, warranting the denial of its motion for summary judgment. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.