■ DAVID FANAROF, INC., Respondent, v DEMBER CONSTRUC-
TION CORPORATION, Appellant. [600 NYS2d 226] —Order of the
Appellate Term of the Supreme Court, First Department,
entered November 15, 1991, which unanimously affirmed a
judgment of the Civil Court, New York County (Jane S.
Solomon, J.), entered March 23, 1991, in favor of plaintiff in
the amount of $17,730.60, unanimously reversed, on the law,
without costs, and summary judgment is granted to the defen-
dant dismissing the complaint.

Plaintiff was a painting subcontractor to defendant, the
general contractor on four construction projects. Plaintiff sued
to recover the balance due for work performed under the
subcontracts, but defendant claimed that payment to the
defendant by the owner was a condition precedent to plain-
tiff's right to receive payment as specifically provided under
the subcontracts. The owner filed for bankruptcy and has not
made full and final payment to the defendant.

The leading case addressing this issue (Schuler-Haas Elec.
Corp. v Aetna Cas. & Sur. Co., 49 AD2d 60, affd 40 NY2d 883)
concerned an action to recover on a payment bond issued by
the defendant surety on behalf of a general contractor, in
favor of the subcontractors. The Court stated (49 AD2d, supra,
at 64): "There is no doubt that if the parties clearly expressed
an intention that no subcontractor (as the plaintiff) should
have a right to be paid or to sue on the payment bond until
all questions relating to the contracts have been resolved and
the owner has made his final payment due under the contract
to the general contractor, such agreement would be binding,
and it would constitute a condition precedent to plaintiff's
action against the surety. Questions presented to us on these
appeals are whether the documents in this case show such
intent, or to the contrary, whether it may be held as a matter
of law that the parties did not mean to create a condition
precedent to payment."

In Schuler-Haas, the contract provided that payment was
due from the general contractor to the subcontractor " 'when
full payment for this subcontract work is received [by the
general contractor] from the Owner.' " (Supra, at 63.) Apply-
ing the above quoted test, the Appellate Division determined
that the contract did not create a condition precedent, but
merely fixed a reasonable time within which payment must be
made. The Court of Appeals, finding no express language to
the contrary in the written document, agreed with the Appel-
late Division's construction (40 NY2d 883, supra).

The front page of each purchase order in the instant case contains the following language in capital letters: "SUBJECT TO THE TERMS AND CONDITIONS ON THE REVERSE SIDE AND MADE PART HEREOF." This prominent notice was sufficient as a matter of law to call plaintiff's attention and to bind plaintiff to those terms and conditions, especially since plaintiff had four opportunities to review those terms and conditions *(see, Gillman v Chase Manhattan Bank,* 73 NY2d 1). Paragraph 14 on the reverse side of the four purchase orders, each of which was signed by the plaintiff's president, provides as here pertinent: "Payment of purchaser [defendant] by Owner shall be a condition precedent to Vendor's [plaintiff's] right to receive payment hereunder." The Civil Court held that plaintiff had a right to be paid by defendant even though defendant was not paid by the owner, because payment by the owner was not intended to be a condition precedent to plaintiff's right to payment, and the Appellate Term unanimously agreed, affirming the summary judgment in plaintiff's favor for reasons stated by the Civil Court.

We unanimously reverse. The language of the subcontracts could hardly express more clearly that payment by the owner to defendant *was* a condition precedent to plaintiff's right to receive payment under the subcontracts, and the resolution of this appeal is thus governed by the principles articulated in *Schuler-Haas* (49 AD2d, *supra,* at 64). Although no New York court has ruled on the construction to be given to the particular language here at issue, two courts in Maryland have ruled that contract language almost identical to that presented herein created a condition precedent as a matter of law *(Gilbane Bldg. Co. v Brisk Waterproofing Co.,* 86 Md App 21, 585 A2d 248 [1991]; *Architectural Sys. v Gilbane Bldg. Co.,* 760 F Supp 79 [D Md 1991]). The provision in those cases stated: " 'It is specifically understood and agreed that the payment to the subcontractors is dependent, as a condition precedent, upon the contractor receiving contract payments, including retainer from the Owner'." (86 Md App, *supra,* at 24, 585 A2d, *supra,* at 249; 760 F Supp, *supra,* at 80.) Perhaps it might have been more prudent for defendant to have added, as "insurance" against misconstruction, such as occurred here, contractual language to the effect that " 'The Subcontractor hereby acknowledges that it relies on the credit of the Owner, not the Contractor, for payment of its work,' " as was provided in the contract at issue in *Crown Plastering Corp. v Elite Assocs.* (166 AD2d 495, 496), but there is no principle of contract law that requires the parties to define their rights redundantly.

When commercial parties expressly agree that a specified occurrence shall be a condition precedent to the creation or enforceability of a right or obligation, and there is no ambiguity arising out of other language in their contract, the only question for the court is whether the condition precedent has been complied with *(see, Matter of Niagara Frontier Transp. Auth. v Computer Sciences Corp.,* 179 AD2d 1037). Since the condition precedent to plaintiff's right to receive payment under the subcontracts did not take place, without fault on defendant's part, plaintiff was not entitled to summary judgment; rather defendant's cross motion for summary judgment dismissing the complaint should have been granted. Concur—Murphy, P. J., Sullivan, Carro, Kupferman and Rubin, JJ.