■ INWOOD TOWER, INC., Plaintiff, v FIREMAN'S FUND INSURANCE COMPANY, Defendant. (And Other Actions.) INWOOD TOWER, INC., Respondent, v SUMMIT WATERPROOFING & RESTORATION CORP., Appellant. [765 NYS2d 499] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered January 16, 2002, which, after a nonjury trial, inter alia, dismissed the counterclaims of defendant Summit Waterproofing & Restoration Corp. as against plaintiff Inwood Tower, Inc., unanimously affirmed, with costs.

Defendant Summit Waterproofing & Restoration, via its counterclaims, sought contract damages for the purported breach by plaintiff Inwood of a contract pursuant to which Summit was to perform repairs to the roof of Inwood's building. In support of these counterclaims, Summit alleged that Inwood had failed to make payments under a second contract between the parties pursuant to which Summit was to perform masonry work on Inwood's building and that the failure to make payments due under this second contract constituted an anticipatory breach of the roof repair contract. In our view, Summit failed to substantiate this claim at trial. Indeed, there was no evidence to support Summit's contention that performance of the roof repair contract was contingent upon prior performance of the masonry contract. The contracts themselves make no such provision (*cf. David Fanarof, Inc. v Dember Constr.*, 195 AD2d 346 [1993]) and the evidence, fairly considered, supported the trial court's conclusion that Summit had failed to

establish that it was a standard construction practice to complete masonry work before commencing roof work. Concur—Saxe, J.P., Sullivan, Williams, Lerner and Friedman, JJ.