■ PUBLIC IMPROVEMENTS, INC., Appellant, v JACK PARKER CONSTRUCTION CORP. et al., Respondents.—Order of the Supreme Court, New York County entered in the office of the clerk on or about March 23, 1977, denying plaintiff's motion for partial summary judgment against both defendants, and granting the cross motion of defendant St. Paul Fire and Marine Insurance Company to amend its answer to assert the defense of plaintiff's alleged failure to give the required notice to it of plaintiff's claim, unanimously reversed, on the law, and plaintiff's motion for partial summary judgment is granted, and defendant St. Paul's cross motion is denied, with $60 costs and disbursements of this appeal to appellant. Although the contract between plaintiff (subcontractor) and defendant Parker Construction Corp. (general contractor) contained the provision that "The hold back will be paid on completion of the job and upon approval by all agencies, including New York State Division of Housing and Community Renewal, and will not be unduly withheld", we do not construe that provision as establishing a condition precedent to payment for electrical work performed by plaintiff. Notwithstanding that approval has not been forthcoming from the New York Division of Housing and Community Renewal, a certificate of occupancy has been issued for the buildings in which plaintiff performed its electrical work. Here the plaintiff substantially performed all that it was required to perform under the contract, and accordingly, it should be compensated thereunder for that work. *(Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.,* 49 AD2d 60, affd 40 NY2d 883, 885; *Bri-Den Constr. Co. v Jay-Lor Bldrs.,* NYLJ, March 4, 1976, p 8, col 4; *Cable-Wiedemer, Inc. v Friederich & Sons Co.,* 71 Misc 2d 443.) Further, it is clear that under the bond furnished by defendant St. Paul to defendant Parker Corp., St. Paul because of the failure of Parker Corp. to pay plaintiff, became obligated, by the passage of time in this case, to compensate plaintiff *(McClare v Massachusetts Bonding & Ins. Co.,* 266 NY 371; *Schuler-Haas Elec. Corp. v Aetna Cas., supra;* see Corbin, Third Parties as Beneficiaries of Contractors' Surety Bonds, 38 Yale LJ 1). Defendant St. Paul is not entitled to amend its answer to assert the defense of failure of notice. The record discloses a copy of a letter sent by registered mail to each defendant in accordance with the provisions of the bond and copies of post-office return receipts signed by them, together with other letters of defendants indicating such notice had been received. Hence, no issue of fact on that point remains. Leave to serve an amended answer is refused where, as here, it appears that no issue exists as to what is to be raised by the answer concerning plaintiff's cause of action. *(Matter of Kane v New York State Dept. of Correction,* 21 AD2d 919, 920; cf. *Matter of DeVito v Nyquist,* 56 AD2d 159.) Concur—Murphy, P. J., Birns, Capozzoli and Markewich, JJ.