■ BURMAR ELECTRICAL CORPORATION, Respondent, v STARRETT BROTHERS et al., Appellants.—Order, Supreme Court, New York County, entered June 27, 1977, granting plaintiff's motion for summary judgment and directing an assessment of damages, and denying defendants' cross motion for leave to serve and file an amended answer with a counterclaim, reversed on the law, and in the exercise of discretion and the plaintiff's motion for summary judgment denied and the cross motion for leave to interpose a counterclaim granted, without costs and without disbursements. Plaintiff is an electrical subcontractor employed on a publicly financed large housing project known as Starrett City, which was undertaken under the auspices of the New York State Housing Finance Agency (HFA) with the New York State Division of Housing and Community Renewal (DHCR) as the supervisory agency, with financial authority on all facets of construction for the project. The defendant Starrett Brothers, Eken Incorporated and Jespersen-Kay Modular Construction Limited, a joint venture (Starrett), was the general contractor, which had a construction contract with Starrett City, Inc., as the' owner. The subcontract contained a provision in clause (c) of paragraph 25 thereof that any claims shall be made within five days, and that any claims for additional or extra work shall be "allowable only to the extent that the Contractor is permitted to and actually does collect therefor under its contract with the Owner on account of any such claim." It is undisputed that the plaintiff subcontractor did extra work. However, it submitted claims therefor in excess of $700,000, and these claims were submitted late. DHCR has not yet approved such claims. Under the circumstances, it was improvident to grant summary judgment, in view of the fact that an assessment of damages, if any, would in any event have to be undertaken, and no time or effort of either the court or the litigants is spared by resort to it. (Hastings v Richard, Ellis & Co., 36 AD2d 695.) Further, the contract specifically makes the claim of the subcontractor for extra work dependent on the collection therefor from the owner. In any event, the real lodestone for the funds being HFA, and they not yet having reached a conclusion with respect to the claims, it may be considered premature to conclude the matter summarily. Furthermore, no pretrial

depositions have yet been taken with respect to the claims. The proposed amended answer sought to include a counterclaim for damages based on the plaintiff's alleged delay in performance of the subcontract, and the subject matter thereof pertaining directly to the issue of the plaintiff's performance, under the circumstances it should not be considered new matter. Nor has there been any substantial delay in raising the question alleged in the proposed counterclaim. Whatever equities may exist in favor of the plaintiff, which allegedly has done extra work without payment, can be more helpfully resolved by expeditious pretrial proceedings and a prompt trial, and by speedy consideration by DHCR. Concur—Kupferman, J. P., Silverman and Markewich, JJ.; Capozzoli and Lane, JJ., dissent in a memorandum by Lane, J., as follows: Starrett Brothers and Eken Incorporated and Jespersen-Kay Modular Construction Limited (Starrett Brothers) were joint venturers and prime contractors in the construction of a publicly financed high-rise project in Brooklyn, New York, known as Starrett City. In January, 1973, Burmar Electrical Corporation (Burmar) entered into a subcontract with Starrett Brothers to perform the electrical work on the project for $2,723,760. During the course of the work, Burmar was directed by Starrett Brothers to perform additional work. This additional work had an alleged value of $771,869.49. Burmar had completed substantially all of its obligations under the contract, inclusive of the extras ordered by Starrett Brothers, sometime in 1975 and the buildings have in fact been occupied by tenants since that time. Starrett Brothers has paid Burmar $2,960,064 and Burmar has brought this suit to recover the balance which it claims is due. After joinder of issue, Burmar moved for summary judgment in its favor, and Starrett Brothers cross-moved for an order granting leave to serve an amended answer containing a counterclaim based on damage caused by Burmar to Starrett Brothers, due to Burmar's delay in performance of the subcontract. Special Term granted summary judgment to Burmar on its claim and directed that the case be placed on the Trial Calendar for an assessment of damages. The cross motion of Starrett Brothers to file an amended answer asserting a counterclaim was denied. We would modify the order of Special Term to the extent of allowing the defendants to serve an amended answer containing a counterclaim. Clause (g) of paragraph 5 of the contract in question provided that: "The balance of the portion of the contract price payable to the Sub-Contractor for its performance of the labor and furnishing of the equipment and services hereunder shall be payable to the Sub-Contractor upon the expiration of ninety (90) days from the date of final and full completion and acceptance of the Sub-Contractor's work by the Owner and the New York State Finance Agency (the building loan lender) and the Contractor's receipt of final payment therefor." Pursuant to clause (e) of paragraph 15 of the contract, extra work directed by the contractor by written order was required to be performed, and any dispute about the extra work was to be deferred until completion of the work. The value of the work was to be ascertained in accordance with clause (b) of paragraph 15 of the contract. Starrett Brothers urges that there has not yet been acceptance of the work by the New York State Finance Agency and there has been no payment received by the contractor. Absent the performance of these conditions precedent, it is urged that Burmar is not entitled to payment. We find no merit to this argument. The occurrence of the events stipulated in clause (g) of paragraph 5 fixed the time for payment but did not operate to condition the legal responsibility to pay (*Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.*, 49 AD2d 60, affd 40 NY2d 883; *Public Improvements v Jack Parker Constr. Corp.*, 59 AD2d 671). Furthermore, the paragraph 15 require-

ments of the contract relating to "extras" were not conditioned on prior State approval of the changes. We note that paragraph 25 of the subcontract relied upon by the majority, relating as it does to unwritten orders of the contractor or orders of parties other than the contractor, is not dispositive of this case. We find, therefore, that Special Term properly granted summary judgment to Burmar. However, we are in agreement with the majority that Starrett Brothers should not be foreclosed from asserting its counterclaim for damages due to alleged delay in Burmar's performance. CPLR 3025 (subd [b]) provides that leave to amend pleadings should be freely granted. The amendment of the answer to include a counterclaim which was sought by defendants is directly related to the main claim of Burmar. Since there was no prejudice shown, the amendment should have been allowed. Accordingly, the order of the Supreme Court, New York County, entered June 27, 1977, granting summary judgment to the plaintiff and directing an assessment of damages and denying the cross motion of the defendants to assert a counterclaim, should be modified, on the law and the facts and in the exercise of discretion, to the extent of allowing the defendants to assert a counterclaim severing the counterclaim from the main action; and should otherwise be affirmed.