█ PETER MACCHIA, Respondent, v JOSEPH LIGGETT et al., Appellants.—Appeal by defendants from (1) an order of the Supreme Court, Queens County, entered February 15, 1977, which (a) granted plaintiff's motion for summary judgment and (b) denied their cross motion to be relieved from an order of preclusion entered upon their failure to serve a bill of particulars, and (2) a judgment of the same court dated February 15, 1977, entered upon the foregoing order in favor of plaintiff in the sum of $6,158. Appeal from order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, without costs or disbursements, motion to be relieved from an order of preclusion dated April 21, 1976, granted and said order vacated and motion for summary judgment denied. Under the circumstances of this case Special Term improvidently exercised its discretion in denying defendants' motion to be relieved from the order of preclusion. Furthermore, it is our opinion that summary judgment was improperly granted to plaintiff in this case. This is an action to recover the balance due under a contract in which the plaintiff agreed to perform certain plumbing installations. The contract specifically provides that as a condition precedent to the payment of the balance due thereunder, plaintiff must obtain a "Plumbing Completion Certificate from the proper N.Y.C. Agency." The record is silent as to whether such certificate was obtained by the plaintiff. He should be required to prove full compliance with the terms of the contract. The record establishes that defendant Joseph Liggett was not a signatory of the contract upon which the plaintiff has sued. Therefore, the plaintiff may not have judgment against him on the cause of action pleaded in the complaint. However, it appears from the papers submitted in this action that Joseph Liggett is one of the owners of the premises upon which the plaintiff performed the work pursuant to the contract. Accordingly, the plaintiff's submissions have made out a cause of action against Joseph Liggett in *quantum meruit* (see 50 NY Jur, Restitution and Implied Contracts, § 73 *et seq.).* We have declined to search the record and grant summary judgment to Joseph Liggett because, as the Court of Appeals recently stated in the case of *Alvord & Swift v Muller Constr. Co.* (46 NY2d 276, 279): "Modern principles of procedure do not permit an unconditional grant of summary judgment against a plaintiff who, despite defects in pleading, has on his submissions made out a cause of action." Mollen, P. J., O'Connor, Rabin and Gulotta, JJ., concur.