■ CONTINENTAL INSURANCE COMPANY, Appellant, v ALBANY HOUSING AUTHORITY, Respondent. — Appeal from so much of an order of the Supreme Court at Special Term (Conway, J.), entered August 19, 1980 in Albany County, as denied plaintiff's motion to dismiss the second through tenth affirmative defenses contained in defendant's answer. Continental Insurance Company seeks to recover $11,684.85 allegedly due its assignor, Farrell Heating, Plumbing and Air Conditioning Contractors, Inc., for work the latter performed pursuant to a contract with defendant Albany Housing Authority. Defendant, claiming the work did not conform to the contract, interposed 10 affirmative defenses and four counterclaims of which only the counterclaims and the first affirmative defense were dismissed. Special Term's refusal to dismiss all the affirmative defenses prompted plaintiff to appeal. By its brief, plaintiff has limited its dissatisfaction with Special Term's disposition to the second, third, fourth, fifth, seventh and tenth affirmative defenses. The second, fourth and fifth affirmative defenses are based upon sections 30 and 31 of the contract which mandate the procedures to be followed if disputes arise respecting

"money payment or for damages". Plaintiff, which makes no pretense of compliance with these sections, maintains that they are limited to instances where a contractor seeks to recover compensation for damages or injuries it has sustained on account of the defendant because of the acts of others, whereas the suit at hand deals solely with defendant's alleged refusal to comply with its contractual obligation to pay for work plaintiff's assignor had fully performed. These sections, read in relation to this particular dispute, are ambiguous. Their construction being an issue for the fact finder to resolve (*Meathe v State Univ. Constr. Fund,* 65 AD2d 49, 52), Special Term properly refused to strike the second and fifth affirmative defenses. The fourth affirmative defense should have been stricken for it is merely repetitive of the second and both are predicated upon the same contractual requirement. Since it does not otherwise aid in clarifying the issues or avoid unfair surprise, this defense does not need to be separately pleaded. The third affirmative defense is based on defendant's contention that the contract requires compliance with section 15 of the Public Housing Law, which requires service of a notice of default. This defense also raises a factual issue involving construction of the contract, hence it too was properly upheld. The seventh affirmative defense is similarly viable for although it only asserts that plaintiff violated the contract by failing to take recourse against the other contractors involved and does not charge that these other contractors actually caused plaintiff's losses, the absence of that allegation is not fatal since defendant's answering affidavit fills that void (see *Rovello v Orofino Realty Co.,* 40 NY2d 633). Defendant's tenth affirmative defense is that approval by the Commissioner of the Division of Housing is a condition precedent, under the contract, to final payment and that such approval was not had or received. Had it been intended that the requirement was to be a condition precedent to the making of final payment, it would surely have been included in section 6 (A) of the agreement which is specifically entitled "Conditions Precedent". Furthermore, the facts of this case bring it within *Public Improvements v Parker Constr. Corp.* (59 AD2d 671). Accordingly, the tenth affirmative defense should have been dismissed. Order modified, on the law, by reversing so much thereof as denied plaintiff's motion to dismiss the fourth and tenth affirmative defenses contained in defendant's answer, and said defenses dismissed, and, as so modified, affirmed, without costs. Kane, J. P., Main, Casey and Yesawich, Jr., JJ., concur.