(January 27, 1986)

■ BISTRIAN GRAVEL CORPORATION, Respondent-Appellant, v WAINSCOTT NORTHWEST ASSOCIATES, Appellant-Respondent.— In a breach of contract action, defendant appeals, as limited by its brief, from so much of the judgment of the Supreme Court, Suffolk County (Orgera, J.), entered October 26, 1983, as, after a nonjury trial, is in favor of plaintiff and against it in the sum of $14,100 with respect to the first cause of action and dismisses its counterclaim, and plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as dismisses its second and third causes of action.

Judgment modified, on the law and the facts, by deleting the provision dismissing the third cause of action and by substituting therefor a provision awarding plaintiff the principal sum of $2,625 on that cause of action. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

It was properly determined by the trial court that plaintiff was entitled to be paid by defendant for three concrete fire cisterns as installed, inasmuch as it is undisputed that plaintiff did install them. While the installation of the fire cisterns was rejected by the fire department having jurisdiction on the basis that they were concrete and not fiberglass, the oral agreement between the parties did not make approval of the fire department a condition precedent for payment *(see, Continental Ins. Co. v Albany Hous. Auth.,* 85 AD2d 782; *Public Improvements v Parker Constr. Corp.,* 59 AD2d 671; *cf. Macchia v Liggett,* 67 AD2d 905). Further, the trial court properly refused to construe the parties' agreement as being conditioned upon an implied duty to obtain such fire department approval *(see, Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62, 69; *Colonial Roofing Corp. v John Mee, Inc.,* 105 Misc 2d 140, 147). Moreover, the Code of the Town of East Hampton, including "Standard Sheet No. 3", allowed the installation of concrete fire cisterns and did not delegate to the fire department the right to vary such code requirements. In any event, the granting of such a right would have been an improper delegation of legislative authority.

Moreover, plaintiff established and defendant concedes that

it properly performed as to its third cause of action to the extent of $2,625 and that the parties' written agreement clearly establishes that each step of the contract was separate and that the parties could terminate the contract upon completion of any of the various steps (see, Matter of Wilson, 50 NY2d 59, 65; Rhine v New York Life Ins. Co., 248 App Div 120, 135, affd 273 NY 1).

Therefore, plaintiff is awarded an additional principal sum of $2,625. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.