■ MASS TRANSPORTATION ELECTRICAL CONSTRUCTION CORPORATION, Appellant, v PENTA CONSTRUCTION CORP./EUGENE GOLDMAN, INC., a Joint Venture, et al., Respondents.

The plaintiff Mass Transportation Electrical Construction Corporation seeks recovery for electrical work performed by it pursuant to two subcontracts entered into with defendant Penta Construction Corp./Eugene Goldman, Inc. Penta/Goldman was a joint venture, acting as general contractor for defendants City of New York and New York City Transit Authority under separate contracts for the modernization of the Eighth Avenue subway line and the Broadway-Fourth Avenue subway line. With respect to the Eighth Avenue project, plaintiff claims a balance of $139,362.54 remains unpaid; with regard to the Fourth Avenue project, plaintiff alleges that $25,336.54 remains unpaid. The insurance company defendants Fidelity and Deposit Company of Maryland, North American Reinsurance Corporation, The Reinsurance Corporation of New York and General Reinsurance Corporation (the Sureties) issued payment bonds in connection with both of these projects.

The causes of action against defendants City of New York and New York City Transit Authority were dismissed and plaintiff does not challenge that determination on appeal. Also, although not part of the record, Penta/Goldman, as a joint venture, and its principals have filed petitions under the Bankruptcy Code. Plaintiff, therefore, limits its claim for the relief it seeks solely to the Sureties. The payment bond executed by the Sureties provided that "[a]ll persons who have performed labor, rendered services or furnished materials and supplies as aforesaid, shall have a direct right to action against the Contractor * * * and the Surety (Sureties) herein".

In its answer to the complaint and answers to plaintiff's interrogatories, the general contractor admitted, with respect to moneys due and owing the plaintiff, that labor was actually performed and materials furnished by plaintiff as to both projects but that the general contractor's obligation to pay plaintiff, as subcontractor, was conditional on its receiving payment from the defendants City of New York and New York City Transit Authority.

It appears that the two subcontracts between plaintiff and Penta/Goldman were unexecuted, although copies "under" which plaintiff alleged it performed its services were submitted at nisi prius.

Both subcontracts provide, *inter alia*, at paragraph 12, that "[t]he Contractor's obligation to make payment to the Subcontractor shall be limited to funds actually received by the

Contractor from the Owner in payment of work performed by the Subcontractor." A typewritten rider to the Broadway-Fourth Avenue contract provides, at paragraph 46, that "the receipt by the Contractor of funds from the Owner is not intended to be a condition precedent to payments to the Subcontractor but is intended only to set forth the manner of payment."

The nisi prius court found that since the subcontracts were not executed by the plaintiff, the agreements between the plaintiff and the joint venture were oral, and that a question of fact existed as to whether or not payment by the city and/or Transit Authority was a condition precedent to payment of the plaintiff, requiring a trial of the action.

There is no real dispute presented on the record herein that plaintiff has performed all of the work required by it in a satisfactory manner. It is virtually conceded that the recovery which plaintiff seeks is for work authorized by the owner and general contractor and that, accordingly, the plaintiff is entitled to $88,700 and $13,000 under the subcontracts, if payment is due at this time.

Assuming the written subcontracts to govern, one specifically provided that receipt of payment from the owner to the general contractor was not to be construed as a condition precedent for payment to the subcontractor. With regard to the other agreement, despite the lack of similar language, the agreement cannnot be construed as setting forth such a condition precedent to payment.

Both subcontracts provided that payment was not due until the owner has paid the general contractor. However, this language is to be construed not as a condition precedent to payment of the subcontractor, but merely as a provision requiring that payment be delayed for a reasonable time after completion of the subcontract work (see, Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co., 49 AD2d 60, affd 40 NY2d 883; see also, Public Improvements v Parker Constr. Corp., 59 AD2d 671).

Assuming, arguendo, that the IAS court was correct and the terms of the written subcontracts do not govern, no proof was submitted by defendants that there was any oral agreement between the parties as to the time of payment other than payment at a reasonable time after proper completion of the project.

Even if the written subcontracts in the record were never executed, as alleged by plaintiff, it is clear that the defendant

general contractor never contemplated any payment provision other than those which were set forth in the written contracts. Accordingly, assuming the only agreement between the parties to be an oral one, there has been no showing of any condition precedent to payment.

Plaintiff has, however, failed to set forth evidence in the record entitling it to judgment for any amounts beyond those admittedly due and owing from the admissions of the defendant joint venture. Accordingly, we modify to grant summary judgment in favor of plaintiff against the defendant Sureties solely in the amount of $88,700 on the Eighth Avenue subway project, and in the amount of $13,000 on the Broadway-Fourth Avenue project, with plaintiff's entitlement to any further amounts under either contract to be established upon trial of this action. Concur—Kupferman, J. P., Ross, Asch, Kassal and Ellerin, JJ.