■ KALWALL CORPORATION, Appellant, v K. CAPOLINO DESIGN AND RENOVATION et al., Respondents.—In an action by a subcontractor (1) on its subcontract with defendant K. Capolino Design and Renovation and (2) on the payment bond issued by defendant Safeco Insurance Company, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated June 29, 1976, as denied its motion (1) to dismiss the defenses and counterclaim contained in the answers and (2) for summary judgment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted to the extent that plaintiff is awarded summary judgment against both defendants in the amount of $56,100, the price set forth in the subcontract. Clause (a) of paragraph 20 of the subcontract provides: "Partial payment shall be made by the Contractor to the Sub-contractor within five (5) days after the Contractor shall have received partial payments from the Owner * * * each payment to be received by the Sub-contractor shall be 85% of the value of the work * * * and the balance of 15% shall be retained by the Contractor as additional security * * * no portion of said 15% so to be retained shall be paid until thirty (30) days after the Sub-contractor has completed all of its work and furnished all of the materials * * * and the same have been duly accepted and approved by the Owner, as evidenced by the Owner making final payment to the Contractor". The affidavits submitted on the motion for summary judgment contain no evidentiary facts relevant to the resolution of the asserted ambiguity in the terms of the subcontract. In these circumstances, the resolution of any ambiguity in the written document is to be

determined by the court as a matter of law *(Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 40 NY2d 883). In the absence of express language (or of extrinsic evidence) to the contrary in the written document, "the standard would seem to be that where payment is stipulated to occur on any event, the occurrence of the event fixes only the time for payment; it is not to be imported as a substantive condition of the legal responsibility to pay" *(Schuler-Haas Elec. Co. v'Aetna Cas. & Sur. Co., supra,* p 885). The phrase in the subcontract, "as evidenced by the Owner making final payment to the Contractor", merely provides one means of determining when the essential condition of the owner's acceptance and approval is met, but does not exclude such determination by other means. The owner had expressed its acceptance and approval by informing the contractor, in a letter, that the final requisition for payment had been approved. Plaintiff therefore is entitled to summary judgment for the agreed contract price. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.