OPINION OF THE COURT
Anthony J. Ferraro, J.
Defendants move for summary judgment on their counterclaim which alleges a conversion of stock pledged to secure a loan from the plaintiff in the amount of $40,000.
Subsequent to the execution of the pledge agreement plaintiff merged with Security National Bank. Defendants were obligated to the aforesaid bank on notes directly executed or guaranteed in the total sum of $548,000. These obligations were in default.
Although the loan to plaintiff in the amount of $40,000 was not in default plaintiff nevertheless sold the stock and from the approximate $66,000 derived from the sale applied $40,000 to its note and seeks to apply the remaining $26,000 to the obligation incurred with Security National Bank.
The counterclaim upon which summary judgment is sought claims damages for the unlawful conversion of defendants’ stock.
Plaintiff contends that it was authorized to sell the. stock pursuant to the language of the note that the stock was pledged “as security for the payment of this note and any other liability or liabilities of the undersigned of any kind *364 and description, direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, and howsoever evidenced or acquired.”
In order to sustain plaintiff’s position the court would have to determine that it was the intention of the parties to apply the stock pledged to plaintiff to an obligation existing with a third party, to wit: Security National Bank. The court cannot make such a determination. Certainly neither party could have contemplated that the stock would be applied to an obligation to Security National Bank because neither party even knew that a merger would take place. Security National Bank could have exacted security for its notes but chose not to. This court cannot now transform unsecured notes to secured notes because of the merger. Although mergers may have beneficial effects the elevation of unsecured obligations to the level of secured ones is not one of the contemplated or authorized benefits.
No matter how broad language may be its meaning cannot be extended beyond the contemplation of the parties. For it is the intention which controls not the language used to express it. The court must look at the intention when the contract was executed rather than construe the language in the light of subsequent events not contemplated. Although the parties may have contemplated any and all types of transactions/between themselves, there was no intention to include either past obligations of defendant or future receivables of plaintiff with third parties.
The unlimited and uncontrolled power which plaintiff seeks to exercise over the property of the defendants may not be inferred or implied but must be clearly and specifically authorized to be sanctioned.
Here the broad language used can only be applied to the transaction with the third party by reason of subsequent events clearly unforeseeable rather than because of events which were either in existence or contemplated when the note was signed. (Gillet v Bank of Amer., 160 NY 549.)
The court concludes that the interpretation of the note is a matter of law and not fact and that it was not the intention of the parties to extend the security to the obligation incurred with Security National Bank. The motion for *365 summary judgment is therefore granted. (Mallard Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285; Kalwall Corp. v Capolino Design & Renovation, 54 AD2d 941.)
Settle order providing for inquest as to damages.